# UNITED STATES COURT OF APPEALS
## DISTRICT OF COLUMBIA CIRCUIT

333 Constitution Avenue, NW
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

## DOCKETING STATEMENT
*Administrative Agency Review Proceedings (To be completed by appellant/petitioner)*

1. CASE NO. __20-1417__   2. DATE DOCKETED: __10-13-2020__
3. CASE NAME (lead parties only) __RISE St. James__ v. __EPA__
4. TYPE OF CASE: ☒ Review ☐ Appeal ☐ Enforcement ☐ Complaint ☐ Tax Court
5. IS THIS CASE REQUIRED BY STATUTE TO BE EXPEDITED? ☐ Yes ☒ No
   If YES, cite statute _____
6. CASE INFORMATION:
   a. Identify agency whose order is to be reviewed: __US Environmental Protection Agency__
   b. Give agency docket or order number(s): __EPA-HQ-OAR-2018-0746 / 85 Fed. Reg. 49,084__
   c. Give date(s) of order(s) __August 12, 2020__
   d. Has a request for rehearing or reconsideration been filed at the agency? ☒ Yes ☐ No
      If so, when was it filled? __See attached.__ By whom? __See attached.__
      Has the agency acted? ☐ Yes ☒ No  If so, when? _____
   e. Identify the basis of appellant's/petitioner's claim of standing. See D.C. Cir. Rule 15(c)(2):
      __See attached.__
   f. Are any other cases involving the same underlying agency order pending in this Court or any other?
      ☒ Yes ☐ No  If YES, identify case name(s), docket number(s), and court(s)
      __See attached.__
   g. Are any other caess, to counsel's knowledge, pending before the agency, this Court, another Circuit Court, or the Supreme Court which involve *substantially the same issues* as the instant case presents?
      ☐ Yes ☒ No  If YES, give case name(s) and number(s) of these cases and identify court/agency:
      _____
   h. Have the parties attempted to resolve the issues in this case through arbitration, mediation, or any other alternative for dispute resolution? ☐ Yes ☒ No  If YES, provide program name and participation dates.
      _____

Signature __/s/ Emma C. Cheuse__   Date __11/13/2020__
Name of Party (Print) __RISE St. James et al.__
Name of Counsel for Appellant/Petitioner (Print) __Emma C. Cheuse__
Address __1001 G. St. NW, Suite 1000, Washington, DC 20001__
E-Mail __echeuse@earthjustice.org__  Phone ( __202__ ) __745-5220__  Fax ( __202__ ) __667-2536__

**ATTACH A CERTIFICATE OF SERVICE**

Note: If counsel for any other party believes that the information submitted is inaccurate or incomplete, counsel may so advise the Clerk within 7 calendar days by letter, with copies to all other parties, specifically referring to the challenged statement. An original and three copies of such letter should be submitted.

USCA Form 41
August 2009 (REVISED)

Attachment to
DOCKETING STATEMENT

*RISE St. James et al. v. EPA et al.*, No. 20-1417

November 13, 2020

**Number 6.d.**

On October 13, 2020, RISE St. James, Louisiana Bucket Brigade, Louisiana Environmental Action Network, Texas Environmental Justice Advocacy Services, Air Alliance Houston, Ohio Valley Environmental Coalition, Blue Ridge Environmental Defense League, Inc., Environmental Justice Health Alliance for Chemical Policy Reform, Environmental Integrity Project, Sierra Club, and Union of Concerned Scientists filed a petition for administrative reconsideration (EPA-HQ-OAR-2018-0746-0242).

On October 9, 2020, Huntsman Petrochemical LLC submitted an administrative petition to EPA requesting reconsideration (EPA-HQ-OAR-2018-0746-0244).  On October 13, 2020, American Chemistry Council submitted an administrative petition to EPA requesting reconsideration (EPA-HQ-OAR-2018-0746-0243).  On October 13, 2020, Texas Commission on Environmental Quality filed a petition for reconsideration (EPA-HQ-OAR-2018-0746-0245).

1

**Number 6.e.**

This case involves a challenge to EPA's final rule entitled "National Emission Standards for Hazardous Air Pollutants: Miscellaneous Organic Chemical Manufacturing Residual Risk and Technology Review; Final Rule," published at 85 Fed. Reg. 49,084 (Aug. 12, 2020) ("Final Rule").

RISE St. James, Louisiana Bucket Brigade, Louisiana Environmental Action Network, Texas Environmental Justice Advocacy Services, Air Alliance Houston, Ohio Valley Environmental Coalition, Blue Ridge Environmental Defense League, Inc., Environmental Justice Health Alliance for Chemical Policy Reform, Environmental Integrity Project, Sierra Club, and Union of Concerned Scientists (collectively, "Environmental Petitioners") are community and environmental organizations with members and constituents in various parts of the United States. Environmental Petitioners' members and constituents live, work, and engage in recreation and other activities near the miscellaneous organic chemical manufacturing plants regulated by the Final Rule and are exposed to toxic air pollution from these sources. Environmental Petitioners also have members who are opposing the addition of new such facilities proposed to be located near their homes and places they regularly visit for recreation, and that would be regulated by the Final Rule. Environmental Petitioners' members suffer, and are likely to suffer additional adverse health impacts in the future, as a result of their exposure to toxic

air pollution from nearby chemical plants regulated by the Final Rule. These members and constituents also experience other harms from exposure and concerns about resulting health impacts (including cancer and respiratory hazards), which impair their ability to engage in and diminish their enjoyment of various activities that are important to their quality of life.  In addition, these members' and constituents' enjoyment of outdoor activities, such as outdoor sports and activities, gardening, walking and biking, and observing natural areas and wildlife, is diminished by the air pollution and contamination of the land, water bodies, and wildlife caused by these sources' emissions in locations where Environmental Petitioners' members and constituents engage in these activities.  Environmental Petitioners and their members also need information about air pollution from the regulated chemical plants to protect themselves and to fulfill their missions, and they experience harm from EPA's refusal to require collection of fenceline monitoring data at these facilities.

The Final Rule causes injury to Environmental Petitioners' members and constituents by illegally and arbitrarily failing to decrease the toxic air pollution from these sources as much as it should, by denying them information that they need to protect themselves and their families and fulfill their missions, and by therefore prolonging and increasing the aforementioned harms to their health, recreational, and

other legally protected interests.  This Court would remedy these harms by remanding the Final Rule and directing EPA to follow the Clean Air Act.

**Number 6.f.**

Huntsman Petrochemical v EPA, No. 20-1414, D.C. Circuit

American Chemistry Council v. EPA, No. 20-1418, D.C. Circuit